**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**July 17, 2006**

**Charles R. Fulbruge III**
**Clerk**

**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

**No. 05-50256**

**UNITED STATES OF AMERICA,**

**Plaintiff-Appellee,**

**versus**

**JOSE PRADO-PRADO,**

**Defendant-Appellant.**

**Appeal from the United States District Court**
**for the Western District of Texas**
**(3:04-CR-983-ALL-FM)**

Before DAVIS, BARKSDALE, and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Concerning appointed counsel's motion and brief for withdrawal of counsel and dismissal of this appeal, in accordance with the procedure mandated by **_Anders v. California_**, 386 U.S. 738 (1967), primarily at issue is the sufficiency of the brief. For reasons stated in the brief, it addresses issues related to Jose Prado-Prado's sentencing, but not to his guilty plea. **MOTION TO WITHDRAW GRANTED; APPEAL DISMISSED.**

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

In October 2004, Prado-Prado pleaded guilty to illegally reentering the United States, in violation of 8 U.S.C. § 1326(a). After being sentenced, *inter alia*, to 77 months in prison, he timely appealed.

Prado-Prado's appointed counsel filed an **Anders** motion to withdraw and an accompanying brief. Notified of his right to respond, Prado-Prado filed a motion to substitute appointed counsel.

II.

**Anders**, 386 U.S. at 744, established requirements for an appointed counsel's seeking to withdraw, because of a lack of nonfrivolous issues, from representation of a defendant on his direct criminal appeal. "[I]f counsel finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal". **Id**. Appointed counsel "must isolate possibly important issues and must furnish the court with references to the record and legal authorities to aid it in its appellate function". **United States v. Cordero**, 18 F.3d 1248, 1253 (5th Cir. 1994) (internal citation and quotation marks omitted).

A.

As discussed below, appointed counsel's brief intentionally does *not* address whether there are any nonfrivolous issues related to Prado-Prado's guilty plea.  Such an omission is usually understandable because guilty-plea defendants/appellants often do "not benefit from invalidating a plea and going to trial".  ***United States v. Ibrahim***, 62 F.3d 72, 73-74 (2d Cir. 1995) (holding that, when an appellant has not requested the validity of his plea to be challenged on appeal, the ***Anders*** brief should either:  (1) state that counsel has determined "appellant would run an unacceptable risk of adverse consequences in challenging the validity of a plea"; or (2) discuss the plea's validity and the presence of no nonfrivolous issues regarding it).

Here, the brief explained appointed counsel did "not review[] the validity of Prado-Prado's guilty plea, because [he] directed counsel to appeal only the sentence imposed, and *not* to challenge his guilty plea entered in this case".  (Emphasis added.)  As noted, Prado-Prado's response did not challenge this statement; instead, he moved for substitute appointed counsel to assist in seeking redress for potential *sentencing issues* on the basis that appointed counsel failed to inform the district court that, shortly before Prado-Prado's late-January 2005 sentencing, the Supreme Court decided ***United States v. Booker***, 543 U.S. 220 (2005) (holding sentencing guidelines are no longer mandatory, but advisory).

In **Jones v. Estelle**, 584 F.2d 687, 691 (5th Cir. 1978), appointed counsel advised defendant to withdraw his appeal because it was meritless. Our court held **Anders** compliance was *not* required because "**Anders** does not apply to an attorney whose client instructs him ... to withdraw his appeal after being advised that an appeal would be meritless and against his best interests". **Id.** Nevertheless, we noted the client must "suggest[], acquiesce[] in, or concur[] with" the decision to withdraw. **Id.** (internal citation and quotation marks omitted).

Here, appointed counsel is similarly not required to address Prado-Prado's guilty plea in his **Anders** brief because Prado-Prado has instructed counsel *not* to do so. Along this line, we construe Prado-Prado's above-described motion-to-substitute-appointed-counsel response as confirming he does *not* desire on appeal to challenge his guilty plea. Accordingly, the brief's not addressing that plea does *not* render it insufficient under **Anders**.

B.

As noted, Prado-Prado's motion claims appointed counsel erred by failing to inform the district court the sentencing guidelines are advisory, not mandatory, pursuant to **Booker**. Concerning this challenge to his sentence, as well as the other aspects of the sentence, our review of counsel's **Anders** brief, the sentencing transcript, and the record has revealed *no* nonfrivolous issues.

4

Concerning **Booker**, neither it, nor the guidelines' now being only advisory, were mentioned at sentencing by appointed counsel (or the court). Accordingly, for a claim that the sentence would have been different, had the court been so informed, review would be only for plain error. At sentencing, the court's statement of reasons provided: "The sentence is within the recommended guideline range ... and the Court finds no reason to depart from the sentence called for by application of the guidelines".

Under our post-**Booker** precedent, the guidelines were *not* applied erroneously. Accordingly, there would be *no* **Booker** error other than to claim error simply because of the alleged application of mandatory, rather than advisory, guidelines. *See* **United States v. Villegas**, 404 F.3d 355 (5th Cir. 2005); **United States v. Mares**, 402 F.3d 511 (5th Cir.), *cert. denied*, 126 S. Ct. 43 (2005). For such error, the burden is on Prado-Prado to show this affected his substantial rights — his sentence would have been different. Based on the above statement of reasons, he cannot do so. Therefore, Prado-Prado would be unable to demonstrate, *inter alia*, the requisite reversible plain error under the applicable standard.

Nor, as stated, for other aspects of the sentence are there any nonfrivolous issues. In sum, the **Anders** standard is satisfied.

## III.

For the foregoing reasons, the ***Anders*** motion for leave to withdraw is **GRANTED;** Prado-Prado's motion for appointment of substitute counsel is **DENIED;** and his appeal is **DISMISSED.**