United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 28, 2007**

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No.  05-11418

UNITED STATES OF AMERICA

Plaintiff - Appellee

VERSUS

JULIO GARCIA

Defendant - Appellant

Appeal from the United States District Court
For the Northern District of Texas, Fort Worth

Before DAVIS and STEWART, Circuit Judges and GODBEY[1], District Judge.

PER CURIAM:

In this appeal, we consider the adequacy of defense counsel's Anders brief where the defendant has advised counsel that he does not wish to challenge his guilty plea.  We conclude that ordinarily counsel must file a transcript and brief the issues surrounding the plea unless the record reflects that the defendant has chosen not to challenge the plea.

_____

[1]District Judge of the Northern District of Texas, sitting by designation.

I.

Pursuant to a written plea agreement, Julio Garcia (Garcia) pleaded guilty to possession with intent to distribute more than 500 grams of cocaine.[2] The district court sentenced Garcia to 64 months of imprisonment and four years of supervised release. Garcia filed a timely notice of appeal.

The Federal Public Defender (FPD), court-appointed counsel for Garcia, has filed a motion to withdraw and a brief in accordance with Anders v. California, 386 U.S. 738 (1967). The Clerk of Court notified Garcia of his right to respond to counsel's Anders brief, but he has not done so. Counsel stated in his brief that Garcia advised him that he did not wish to challenge his guilty plea and for that reason counsel did not file a record of the plea colloquy nor did he brief issues surrounding the plea. Counsel did, however, review sentencing issues and explain why he found no nonfrivolous issues in this respect. We consider below the adequacy of the Anders brief under these circumstances.

II.

Anders established requirements for an appointed counsel seeking to withdraw from representation of a defendant on his direct criminal appeal because of the lack of nonfrivolous issues to be raised on appeal. Anders, 386 U.S. at 744. "[I]f counsel finds his case to be wholly frivolous, after a conscientious

---

[2] The plea agreement did not contain an appeal waiver. See R. 1, 56-60.

2

examination of it, he should so advise the court and request permission to withdraw. That request must, however, be accompanied by a brief referring to anything in the record that might arguably support the appeal." Id. "The attorney must isolate 'possibly important issues' and must 'furnish the court with references to the record and legal authorities to aid it in its appellate function.'" United States v. Cordero, 18 F.3d 1248, 1253 (5th Cir. 1994) (citation omitted). After the defendant has had an opportunity to raise any additional points, the court fully examines the record and decides whether any nonfrivolous issue is presented for appeal. Penson v. Ohio, 488 U.S. 75, 80 (1988); see also Smith v. Robbins, 528 U.S. 259, 273 (2000) (the purpose of the Anders procedure is "to vindicate the constitutional right to appellate counsel").

The FPD failed to furnish this court with a rearraignment transcript, reflecting the colloquy between the court and the defendant when the defendant entered his guilty plea - nor did he order one. In his Anders brief, the FPD asserts that "Garcia has informed counsel that he does not seek to vacate his guilty plea but seeks to appeal his sentence." Counsel has cited no authority that permits an attorney moving to withdraw to decline to undertake a "conscientious" examination of part of the record, based solely on his assertion that his client wishes to appeal only part of the judgment.

This court has not directly addressed this issue in a

3

published opinion. In <u>United States v. Prado-Prado</u>, No. 05-50256, 188 F. App'x 329 (5th Cir. Jul. 17, 2006) (unpublished), the court was faced with a similar factual pattern. In that case, counsel filed an <u>Anders</u> brief but did not review the record relating to the guilty plea based on her assertion that Prado-Prado instructed her not to challenge the plea. In response to counsel's <u>Anders</u> brief, Prado-Prado filed a motion to appoint substitute counsel. The response did not challenge counsel's assertion that Prado-Prado did not wish to appeal his guilty plea. Instead, the defendant requested the appointment of substitute counsel to challenge sentencing issues. The court construed Prado-Prado's response as confirmation that he did not desire to appeal his guilty plea. Therefore, the court concluded that counsel's <u>Anders</u> brief was sufficient. The court then went on to address the sentencing issues raised in the case.

<u>Prado-Prado</u> is persuasive authority, <u>see</u> 5TH CIR. R. 47.5, for the proposition that it is consistent with <u>Anders</u> for counsel to pretermit consideration of an appellant's guilty plea at the appellant's request. However, <u>Prado-Prado</u> suggests that there should be some confirmation in the record of appellant's request.

In <u>Jones v. Estelle</u>, 584 F.2d 687 (5th Cir. 1978), this court considered whether counsel must file an <u>Anders</u> brief following a defendant's withdrawal of appeal at the advice of counsel. We held that "[c]ompliance was not required . . . because [the defendant] voluntarily withdrew his appeal after consultation with, and advice

4

from, counsel." Id. at 691. The court emphasized that the decision must be one "the client has 'suggested, acquiesced in, or concurred with.'" Id. (Citation omitted). The record in that case confirmed that the defendant's "decision was his own." Id. We stated that only where "counsel gives his client good-faith and effective advice to withdraw an appeal he believes meritless and the client voluntarily instructs him to do so, the Anders requirements do not apply."

We are persuaded that the Prado-Prado/Jones approach to this problem is a sensible one. Read together these cases at least implicitly require the record to reflect confirmation of the defendant's request that counsel forego any challenge of his guilty plea before counsel can pretermit consideration of the plea in his Anders brief. Requiring that the record demonstrate a defendant's agreement or acquiescence in foregoing an appeal on this issue, enables us to determine from the record that the decision was the defendant's own - that is, "the client has 'suggested, acquiesced in, or concurred with'" the decision. What form must this agreement or acquiescence take? Certainly a defendant's response to counsel's Anders brief such as the one filed by Prado-Prado raising issues unrelated to the plea without questioning any plea related issue would qualify. Also, a written statement by the defendant that after receiving the advice of counsel he does not wish to challenge his guilty plea would qualify. Additionally, counsel's recommendation in writing to the defendant that he forego

5

a challenge to the guilty plea and the defendant's failure to respond to this recommendation after a reasonable lapse of time after defendant's receipt of the recommendation (approximately 30 days) may be sufficient.

In this case, counsel has provided this court with no documentation confirming the defendant's desire to forego a challenge to his guilty plea nor has Garcia filed a response to defense counsel's brief. Because our case law has not been clear on what the record must show before counsel can refrain from providing us with a record of the plea and his analysis of any possible appealable issues related to the plea, we believe it appropriate to give counsel 30 days within which to provide the court with a written confirmation from the defendant foregoing his challenge to the plea or alternatively to show that after reasonable notice the defendant has not responded to counsel's request. If counsel is unable to provide such evidence demonstrating that the decision to forego a challenge to the plea is one "the client has 'suggested, acquiesced in or concurred with,'" then counsel should proceed to obtain and file with the court the record of the plea and proceed with the usual <u>Anders</u> requirements in that respect.

Counsel's motion to withdraw is denied subject to reconsideration pending receipt of counsel's supplemental filing consistent with this opinion.