# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 7, 2013

Lyle W. Cayce
Clerk

No. 11-50655
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

EDGAR MILTON MELGAR-GUARDADO,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 2:10-CR-1059-1

Before WIENER, ELROD, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The attorney appointed to represent Edgar Milton Melgar-Guardado, Alberto M. Ramon, has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Melgar-Guardado has not filed a response. We have reviewed counsel's brief and the relevant portions of the record reflected therein. We concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review. Accordingly, counsel's motion for

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

leave to withdraw is granted, counsel is excused from further responsibilities herein, and the appeal is dismissed. *See* 5TH CIR. R. 42.2.

Although Melgar-Guardado's appeal presents no nonfrivolous issues, counsel's work in this appeal was of little assistance to this court in determining that such was the case. Here, counsel initially filed his motion to withdraw and brief, unaccompanied by any written confirmation of Melgar-Guardado's decision to forego an appeal of his guilty plea, which was essential to addressing whether the appeal presented any arguable issues. *See United States v. Garcia*, 483 F.3d 289, 291 (5th Cir. 2007). In a supplemental *Anders* brief, counsel acknowledged that, notwithstanding this court's order of May 4, 2012, he had neither obtained written confirmation from Melgar-Guardado, as outlined in *Garcia*, nor had he submitted a rearraignment transcript or addressed the validity of the guilty plea. On November 5, 2012, in ordering a revised supplemental brief, this court again directed counsel to, inter alia, review the *Anders* checklist posted on this court's website in preparing his brief, to confirm whether Melgar-Guardado had been removed from the United States, and to address the effect, if any, that such removal had on the instant appeal. A sanction warning also issued. Despite the latter order, in his revised supplemental brief, counsel merely recites legal boilerplate, and he restates the plea colloquy without any corresponding citations to legal authority. He also entirely neglects to discuss the effect of Melgar-Guardado's removal on the instant appeal.

Accordingly, Ramon is ordered to show cause, within 15 days from the date of this opinion, why this court should not order that he not receive payment for services rendered and expenses incurred in this appeal. *See United States v. Gaitan*, 171 F.3d 222, 223 (5th Cir. 1999) (imposing sanction for pursuing appeal on sentencing issues contrary to a waiver-of-appeal provision in defendant's plea agreement).

MOTION GRANTED; APPEAL DISMISSED; COUNSEL ORDERED TO SHOW CAUSE.