# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

October 2, 2014

No. 13-40960
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JUAN FLORES,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:13-CR-168-1

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

The Federal Public Defender (FPD) appointed to represent Juan Flores has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). Flores has filed a response, he has requested to substitute retained counsel for appointed counsel, and he seeks leave to file a substitute brief.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-40960

Included in Flores's response is his argument that the FPD has rendered ineffective assistance on appeal by failing to order a rearraignment transcript and assess whether the district court properly admonished him about certain aspects of his plea and whether the Government complied with the plea agreement.  We generally do not review claims of ineffective assistance of counsel on direct appeal.  *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014), *petition for cert. filed* (June 4, 2014) (No. 13-10484).  However, this is a rare case in which the record permits us to "fairly evaluate the merits of the claim."  *Id.*  In light of Flores's declaration evincing his intent to appeal only his sentence, the FPD's omissions in this regard are not objectively unreasonable.  *See United States v. Garcia*, 483 F.3d 289, 290-91 (5th Cir. 2007).  Further, assuming deficient performance, Flores cannot show prejudice because we now have access to the rearraignment transcript and have independently examined the record for any potentially nonfrivolous appellate issues.  Absent a showing of both deficient performance and prejudice, Flores's ineffective-assistance argument fails.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Our independent review of counsel's brief, Flores's response, and the record, including a copy of the rearraignment transcript, leads us to concur with counsel's assessment that the appeal presents no nonfrivolous issue for appellate review.  Accordingly, the motion for leave to withdraw is GRANTED, counsel is excused from further responsibilities herein, the motions to substitute counsel and for leave to file a substitute brief are DENIED, and the APPEAL IS DISMISSED.  *See* 5TH CIR. R. 42.2.