# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-41272

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

December 3, 2014

Lyle W. Cayce
Clerk

Plaintiff - Appellee

v.

JOSE FERNANDO POLANCO-OZORTO,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Texas

Before KING, JOLLY, and COSTA, Circuit Judges.

PER CURIAM:

The Federal Public Defender appointed to represent Defendant-Appellant Jose Fernando Polanco-Ozorto has moved for leave to withdraw and has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), and *United States v. Flores*, 632 F.3d 229 (5th Cir. 2011). This case presents a narrow issue of first impression: where a criminal defendant who has pleaded guilty signs a statement indicating that he wishes to appeal only his sentence, and where the defendant's appellate counsel files an *Anders* brief addressing only issues related to sentencing, may the defendant raise issues related to his guilty plea and conviction in response to the *Anders* brief? For the reasons

No. 13-41272

below, we hold that the defendant may not, and that under such circumstances, we will consider only the issues addressed in the *Anders* brief.

Polanco-Ozorto pleaded guilty to being an alien unlawfully found in the United States after deportation. The district court sentenced him to a term of imprisonment of 72 months, within the Guidelines range of 70 to 87 months. Following his sentencing and prior to filing a notice of appeal, Polanco-Ozorto signed a document titled "DECISION REGARDING MY APPEAL,"[1] indicating that, after discussing his appeal rights with his attorney, he wished to appeal his sentence only. Consequently, Polanco-Ozorto's counsel never ordered a transcript of the rearraignment, and counsel filed an *Anders* brief pretermitting discussion of Polanco-Ozorto's guilty plea proceedings and his conviction. The brief addresses only issues related to Polanco-Ozorto's sentencing. In his pro se response to the *Anders* brief, Polanco-Ozorto contends that his counsel's *Anders* brief is insufficient because it "does not address whether there are any nonfrivolous issues related to [his] guilty plea." Although Polanco-Ozorto concedes that he signed the document indicating that he did not wish to appeal his conviction, he now believes that it is "in [his] best interest to challenge the validity of the guilty plea." He argues that his appellate counsel, who did not represent him in the proceedings below,[2] should have consulted with him "on whether he still chooses not to challenge his guilty plea"—rather than relying on the signed document alone.

In *United States v. Garcia*, 483 F.3d 289, 289 (5th Cir. 2007), this court held that counsel need not "file a transcript and brief the issues surrounding [a defendant's guilty] plea" in an *Anders* brief where "the record reflects that the defendant has chosen not to challenge the plea." This rule applies where

---

[1] The document is attached to the *Anders* brief filed by counsel.

[2] Polanco-Ozorto was represented by a different Federal Public Defender below.

the court can "determine from the record that the decision was the defendant's own"—e.g., where "a defendant's response to counsel's *Anders* brief . . . rais[es] issues unrelated to the plea without questioning any plea related issue," or where there is "a written statement by the defendant that after receiving the advice of counsel he does not wish to challenge his guilty plea." *Id.* at 291. *Garcia* does not directly address the situation here, where a defendant has signed a written statement indicating that he does not wish to challenge his plea, but later raises issues related to his plea in response to his counsel's *Anders* brief. Today we hold that where a defendant provides sufficient indication (i.e., consistent with *Garcia*) that he intends to challenge only his sentence, the defendant may not revoke that decision after counsel has filed an *Anders* brief pretermitting any discussion of a defendant's guilty plea.[3]

First, there is no dispute that Polanco-Ozorto filed a written statement indicating that he did not wish to challenge his plea—which, under *Garcia*, permits counsel to pretermit discussion of that plea in an *Anders* brief. *Id.*[4] Moreover, the rule we adopt today follows from general waiver principles. For example, we have held that a criminal defendant's motion to proceed pro se on appeal will be denied if it is filed after the defendant's counsel has filed an *Anders* brief, as such a request is invoked "too late." *United States v. Wagner*,

---

[3] In an unpublished case, we addressed a scenario in which the defendant filed a response to an *Anders* brief arguing that counsel "has rendered ineffective assistance on appeal by failing to order a rearraignment transcript and assess whether the district court properly admonished him about certain aspects of his plea." *United States v. Flores*, --- F. App'x ---, No. 13-40960, 2014 WL 4923087, at *1 (5th Cir. Oct. 2, 2014) (unpublished). We held that, "[i]n light of [the defendant]'s declaration evincing his intent to appeal only his sentence, [counsel]'s omissions in this regard are not objectively unreasonable." *Id.* There, however, because we had access to the rearraignment transcript, we further determined that the defendant could not show any prejudice even "assuming deficient performance," as the transcript made clear that there were no nonfrivolous issues related to the guilty plea. *Id.*

[4] Although a defendant's response to an *Anders* brief that is silent as to plea issues also justifies such pretermission, *see Garcia*, 483 F.3d at 289, that does not mean that a response that raises plea issues renders ineffective a defendant's prior written waiver.

No. 13-41272

158 F.3d 901, 902–03 (5th Cir. 1998).  Furthermore, if a defendant such as Polanco-Ozorto can later broaden the scope of his appeal in contradiction of his prior expressed intent, this could create significant administrative burdens on the courts and on appellate counsel.  Such a rule would create the possibility of two rounds of *Anders* briefing—one addressing the issues the defendant initially indicates he wants to challenge, and another addressing any additional issues raised in response to the first *Anders* brief.  This additional round of briefing may also require counsel to order transcripts related to these new issues (as here, a rearraignment transcript).  In *Wagner*, we were driven by such administrative concerns, noting that "[m]uch time, preparation, and careful consideration goes into the filing of an *Anders* brief."  *Id.* at 902.  We reasoned that, "[t]o allow criminal defendants to file a request to proceed pro se on appeal only after an *Anders* brief has been filed would open the door to abuse of this valuable sixth amendment right by allowing it to be used to obstruct the orderly procedure in the courts or to interfere with the fair administration of justice."  *Id.* (internal citations and quotation marks omitted).  Similar considerations apply here.  Adopting a contrary rule may also undermine the effect of our holding in *Garcia*, as appellate counsel would be unlikely to pretermit discussion even of issues the defendant previously indicated he did not desire to challenge—since the defendant could later change his mind.

Accordingly, we will not address the issues raised in Polanco-Ozorto's response related to his plea and conviction.  We have reviewed counsel's brief and the relevant portions of the record, as well as Polanco-Ozorto's response to the extent it addresses sentencing issues.  We concur with counsel's assessment that the appeal presents no nonfrivolous issues for appellate review.  Accordingly, counsel's motion for leave to withdraw is GRANTED,

4

No. 13-41272

counsel is excused from further responsibilities herein, and the APPEAL IS DISMISSSED.  *See* 5TH CIR. R. 42.2.