[Cite as *State v. Swogger*, 2011-Ohio-5607.]

COURT OF APPEALS
HOLMES COUNTY, OHIO
FIFTH APPELLATE DISTRICT


|                        |   |                          |
|------------------------|---|--------------------------|
|                        |   | JUDGES:                  |
| THE STATE OF OHIO,     | : | Hon. W. Scott Gwin, P.J. |
|                        | : | Hon. Julie A. Edwards, J.|
| Appellee,              | : | Hon. Patricia A. Delaney, J.|
|                        | : |                          |
| v.                     | : |                          |
|                        | : | Case No. 2011-CA-007     |
| GEORGE H. SWOGGER,     | : |                          |
|                        | : |                          |
| Appellant.             | : | O P I N I O N            |


CHARACTER OF PROCEEDING:    Criminal appeal from the Holmes County
                            Court of Common Pleas, Case No. 10-CR-
                            107


JUDGMENT:                   Affirmed


DATE OF JUDGMENT ENTRY:     October 28, 2011


APPEARANCES:

For Plaintiff-Appellee              For Defendant-Appellant

F. CHRISTOPHER OEHL                 DAVID H. HUNTER
Assistant Prosecuting Attorney      244 West Main Street
164 East Jackson Street             Loudonville, OH  44842
Millersburg, OH  44654

*Gwin, P.J.*

{¶ 1} Defendant-appellant George H. Swogger appeals his conviction and sentence after a no contest plea to one count of Complicity to Breaking and Entering and one count of Complicity to Commit Theft. Plaintiff-appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶ 2} On November 23, 2010 appellant was indicted by a Grand Jury of Holmes County for Complicity to Breaking and Entering in violation of R.C. 2923.03(A)(1) and (2); R.C. 2911.13(A), a felony of the fifth degree and Complicity to Theft in violation of R.C. 2923.03(A)(1) and (2), a misdemeanor of the first degree. Both offenses occurred on October 6, 2010.

{¶ 3} Appellant was arraigned in this case on January 3, 2011. Appellant was incarcerated at the Lorain Correctional Institute on an unrelated felony. The trial court released appellant on his own recognizance in this case on February 28, 2011.

{¶ 4} Appellant was removed from Lorain Correctional Institute for his pretrial in the case at bar set for March 21, 2011. Prior to the pretrial appellant wrote a letter to his attorney which was filed with the Court. The Court adopted appellant's letter as a Motion requesting a continuance and the removal of appellant's court appointed attorney. At the hearing on the Motion, appellant requested a continuance for six months to retain new counsel. The Court heard statements from the appellant and his appointed counsel. Appellant's appointed counsel told the trial court that, "he just does not have any faith or trust in me that I can do anything to represent him. Ah, there, I've never bothered to try to explain his grievance against me.... in fact the jail ended our

meeting when it got sort o loud today…I don't know that's it's possible to work with Mr. Swogger as strong as his feelings are against me."

{¶ 5} The Court then asked the State for its position. The State indicated "Your Honor the State is prepared to go forward Monday with the trial. Um, we have our witnesses subpoenaed..." The Court denied the Motion stating, "I'm going to deny the Motion Mr. Hyde. He's got his subpoenas out. They're ready to go... " . The Court then directed appellant to cooperate with his attorney and vice versa.

{¶ 6} On March 23, 2011 appellant entered a plea of no contest with a joint sentencing recommendation.  Appellant was sentenced to a term of six months on each count, with the misdemeanor time to run concurrently with the time for the felony count. The trial court ordered the sentence in the case at bar to run consecutive to the sentence appellant had already begun to serve on the unrelated felony conviction.

{¶ 7} It is from the trial court's March 23, 2011 Judgment Entry that appellant has timely appealed raising the following three Assignments of Error:

{¶ 8} "I. THE DEFENDANT WAS DENIED HIS DUE PROCESS RIGHTS WHEN THE TRIAL COURT DENIED HIS REQUEST FOR A CONTINUANCE TO SEEK NEW COUNSEL? [Sic.]

{¶ 9} "II. THE DEFENDANT'S CONSTITUTIONAL RIGHT TO COUNSEL WAS VIOLATED WHEN THE TRIAL COURT DENIED HIS REQUEST FOR NEW COUNSEL? [Sic.]

{¶ 10} "III. THE DEFENDANT-APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL."

I. & II.

{¶ 11} In his First Assignment of Error, appellant argues that the court erred in denying his motion to continue. In his Second Assignment of Error appellant contends the trial court erred by not allowing him to discharge his court-appointed counsel. Appellant's first and second assignments of error raise common and interrelated issues; therefore, we will address the arguments together.

{¶ 12} The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney. *Morris v. Slappy* (1983), 461 U.S. 1, 13, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610; *State v. Blankenship* 1995), 102 Ohio App.3d 534, 657 N.E.2d 559; *State v. Burroughs*, 5th Dist. No. 04CAC03018, 2004-Ohio-4769 at ¶ 11.

{¶ 13} In the context of reviewing a claim by the defendant that the trial court abused its discretion by overruling the defendant's request to discharge court appointed counsel and to substitute new counsel for the defendant the courts have taken the approach that the defendant must show a complete breakdown in communication in order to warrant a reversal of the trial court's decision. In *State v. Cowans* (1999), 87 Ohio St.3d 68, 1999-Ohio-250, 717 N.E.2d 298 the court noted: "[e]ven if counsel had explored plea options based on a belief that Cowans might be guilty, counsel's belief in their client's guilt is not good cause for substitution. A lawyer has a duty to give the accused an honest appraisal of his case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism. *Brown v. United States* (C.A.D.C.1959), 264 F.2d 363, 369 (en banc), quoted in *McKee v. Harris* (C.A.2, 1981), 649 F.2d 927, 932. If the rule were otherwise,

appointed counsel could be replaced for doing little more than giving their clients honest advice. *McKee,* 649 F.2d at 932, quoting *McKee v. Harris* (S.D.N.Y.1980), 485 F.Supp. 866, 869." *Cowans,* supra at 73, 717 N.E.2d at 304-305. (Internal quotation marks omitted).

**{¶ 14}** In a similar vein it has been held that hostility, tension, or personal conflicts between an attorney and a client that do not interfere with the preparation or presentation of a competent defense are insufficient to justify a change in appointed counsel. See *State v. Henness* (1997), 79 Ohio St.3d 53, 65-66, 679 N.E.2d 686. Furthermore, "[m]erely because appointed counsel's trial tactics or approach may vary from that which appellant views as prudent is not sufficient to warrant the substitution of counsel." *State v. Glasure* (1999), 132 Ohio App.3d 227, 239, 724 N.E.2d 1165; *State v. Evans*(2003), 153 Ohio App.3d 226, 235-36, 2003-Ohio-3475 at ¶31, 792 N.E.2d 757,764; *State v. Newland*, 4th Dist. No. 02CA2666, 2003-Ohio-3230 at ¶11.

**{¶ 15}** A defendant has no constitutional right to determine trial tactics and strategy of counsel. *State v. Cowans* (1999), 87 Ohio St.3d 68, 72, 717 N.E.2d 298; *State v. Conway,* 108 Ohio St.3d 214, 2006-Ohio-791, 842 N.E.2d 996, ¶ 150; *State v. Donkers,* 170 Ohio App.3d 509, 867 N.E.2d 903, 2007-Ohio-1557 at ¶ 183. Rather, decisions about viable defenses are the exclusive domain of defense counsel after consulting with the defendant. Id. When there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. *State v. Clayton* (1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189, citing *People v. Miller* (1972), 7 Cal.3d 562, 573-

574, 102 Cal.Rptr. 841, 498 P.2d 1089; *State v. Wiley*, 10th Dist. No. 03AP-340, 2004-Ohio-1008 at ¶ 21.

{¶ 16} Appellant has not established that such a breakdown occurred to warrant appointment of new counsel. Indeed, our review of the record indicates appellant's counsel was thoroughly prepared.

{¶ 17} The evidence in appellant's case included the statements of appellant's two co-defendants whom implicated him in the crimes. (T. March 23, 2010 at 9). Appellant's attorney indicated that he and appellant had begun reviewing the audio and video tapes in preparation for his pre-trial. Appellants counsel indicated that he would continue to review the evidence after the hearing. (T. March 20, 2011 at 5-6). During the hearing on appellant's motion to discharge his court-appointed attorney held March 21, 2010, appellant indicated his willingness to plead to misdemeanor charges. (T. March 20, 2011 at 5).

{¶ 18} Prior to accepting appellant's no contest plea, the court reviewed the plea agreement and the joint sentencing recommendation with the appellant. (T. March 23, 2010 at 2). The appellant indicated his understanding and agreement with the plea bargain and the sentence recommendation. The trial court further explained each of appellant's constitutional rights, the effects of a plea of no contest, the sentence and post release control.

{¶ 19} At no time during either the plea or sentencing phase of the hearing, did appellant ask any questions regarding the penalties involved for the charges to which he was pleading or his rights; nor did appellant inform the judge that he remained dissatisfied with his attorney. Rather, upon being asked by the trial court if he was

satisfied with his attorney, appellant acknowledged that he was comfortable proceeding with his no contest plea with counsel as his attorney. (T. March 23, 2010 at 4).

{¶ 20} In this regard we find useful cases in which a defendant has alleged that he received ineffective assistance of counsel during trial[1]. The Ohio Supreme Court has recognized that if counsel, for strategic reasons, decides not to pursue every possible trial strategy, defendant is not denied effective assistance of counsel. *State v. Brown* (1988), 38 Ohio St.3d 305, 319, 528 N.E.2d 523. When there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. *State v. Clayton* (1980), 62 Ohio St.2d 45, 49, 402 N.E.2d 1189, citing *People v. Miller* (1972), 7 Cal.3d 562, 573-574, 102 Cal.Rptr. 841, 498 P.2d 1089; *State v. Wiley,* 10th Dist. No. 03AP-340, 2004-Ohio-1008 at ¶ 21. "Debatable trial tactics do not establish ineffective assistance of counsel." *State v. Hoffner* (2004), 102 Ohio St.3d 358, 365, 2004-Ohio-3430, ¶ 45.

{¶ 21} In the case at bar, appellant has failed to establish a breakdown in attorney-client relationship of such magnitude as require the trial court to discharge his court-appointed attorney.

{¶ 22} Appellant has also argued that the trial court erred by not granting him a continuance to employ private counsel.

{¶ 23} The decision to grant or deny a continuance is entrusted to the broad, sound discretion of the trial court and will not be disturbed absent an abuse of discretion. *State v. Unger* (1981), 67 Ohio St.2d 65, 423 N.E.2d 1078. Among the

---

[1] Appellant has raised ineffective assistance of counsel as Assignment of Error III, infra.

factors to be considered by the court in determining whether the continuance was properly denied are: (1) the length of the requested delay, (2) whether other continuances had been requested and granted, (3) the convenience or inconvenience to the parties, witnesses, counsel and court, (4) whether the delay was for legitimate reasons or whether it was "dilatory, purposeful or contrived", (5) whether the defendant contributed to the circumstances giving rise to the request, (6) whether denying the continuance will result in an identifiable prejudice to the defendant's case, and (7) the complexity of the case. *Powell v. Collins* (6th Cir.2003), 332 F.3d 376, 396; *State v. Unger* (1981), 67 Ohio St.2d 65, 67–68, 423 N.E.2d 1078, 1080; *State v. Wheat,* Licking App. No.2003–CA–00057, 2004–Ohio–2088 at ¶ 16.

**{¶ 24}** After careful examination of the record, we find that the trial court did not abuse its discretion in denying appellant's request for a continuance. Appellant requested a continuance of 180 days. Appellant admitted that he did not have the funds to hire an attorney to represent him. (T. March 21, 2010 at 3). Appellant requested 180 days because he would not be released from prison for the unrelated felony charge for ninety days. (Id. at 2-3). He then stated he would need an additional ninety days in order to earn enough money to hire private counsel. (Id.).

**{¶ 25}** We find the trial court did not abuse its discretion in overruling appellant's motion for a continuance of six months to obtain private counsel. We also find that the trial court correctly overruled appellant's motion to discharge his court-appointed attorney.

**{¶ 26}** Appellant's First and Second Assignments of Error are overruled.

III.

{¶ 27} In his Third Assignment of Error, appellant claims that his trial counsel was ineffective because of his counsel's lack of contact and preparation. We disagree.

{¶ 28} A claim of ineffective assistance of counsel requires a two-prong analysis. The first inquiry is whether counsel's performance fell below an objective standard of reasonable representation involving a substantial violation of any of defense counsel's essential duties to appellant. The second prong is whether the appellant was prejudiced by counsel's ineffectiveness. *Lockhart v. Fretwell* (1993), 506 U.S. 364, 113 S.Ct. 838; *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052; *State v. Bradley* (1989), 42 Ohio St.3d 136, 538 N.E.2d 373.

{¶ 29} In order to warrant a finding that trial counsel was ineffective, the petitioner must meet *both* the deficient performance and prejudice prongs of *Strickland* and *Bradley*. *Knowles v. Mirzayance* (2009), --- U.S. ----, 129 S.Ct. 1411, 1419, 173 L.Ed.2d 251.

{¶ 30} To show deficient performance, appellant must establish that "counsel's representation fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 688, 104 S.Ct. at 2064. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Strickland v. Washington* 466 U.S. at 687, 104 S.Ct. at 2064. Counsel also has a duty to bring to bear such skill and knowledge as will render the trial a reliable adversarial testing process. *Strickland v. Washington* 466 U.S. at 688, 104 S.Ct. 2052 at 2065.

**{¶ 31}** "Thus, a court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. In making that determination, the court should keep in mind that counsel's function, as elaborated in prevailing professional norms, is to make the adversarial testing process work in the particular case. At the same time, the court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064.

**{¶ 32}** In light of "the variety of circumstances faced by defense counsel [and] the range of legitimate decisions regarding how best to represent a criminal defendant," the performance inquiry necessarily turns on "whether counsel's assistance was reasonable considering all the circumstances." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064. At all points, "[j]udicial scrutiny of counsel's performance must be highly deferential." *Strickland v. Washington*, 466 U.S. 668 at 689,104 S.Ct. at 2064.

**{¶ 33}** Appellant must further demonstrate that he suffered prejudice from his counsel's performance. See *Strickland*, 466 U. S., at 691 ("An error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal

proceeding if the error had no effect on the judgment"). To establish prejudice, "[t]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. To prevail on his ineffective-assistance claim, appellant must show, therefore, that there is a "reasonable probability" that the trier of fact would not have found him guilty.

**{¶ 34}** Challenges to guilty  or no contest pleas based on allegations of ineffective assistance of counsel during the plea process are evaluated under the familiar two-pronged cause and prejudice test of *Strickland v. Washington,* supra, 466 U.S. at 687-88, 694; *Hill v. Lockhart* (1985), 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203. In order to satisfy the second prong in the context of a guilty or no contest plea, appellant must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty or no contest and would have insisted on going to trial." *Hill,* 474 U.S. at 59, 106 S.Ct. 366, 88 L.Ed.2d 203.

**{¶ 35}** None of the instances raised by appellant in the case at bar rise to the level of prejudicial error necessary to find that he was deprived of a fair trial.  Having reviewed the record that appellant cites in support of his claim that he was denied effective assistance of counsel, we find appellant was not prejudiced by defense counsel's representation of him. The result of the process was not unreliable nor were the proceedings fundamentally unfair because of the performance of defense counsel. Appellant has failed to demonstrate that there exists a reasonable probability that, had

trial counsel acted differently, he would not have entered into the negotiated plea agreement and joint sentence recommendation.

**{¶ 36}** A careful review of the record indicates that counsel met with appellant, reviewed the evidence, and negotiated a favorable plea and sentence. Further when asked by the trial court appellant indicated his desire to proceed with both his plea and his representation by counsel.

**{¶ 37}** Because we have found no instances of error in this case, we find appellant has not demonstrated that he was prejudiced by trial counsel's performance.

**{¶ 38}** Appellant's third assignment of error is overruled.

**{¶ 39}** For the foregoing reasons the judgment of the Court of Common Pleas, Holmes County, Ohio is affirmed.

By Gwin, P.J.,

Edwards, J., and

Delaney, J., concur

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY

[Cite as *State v. Swogger*, **2011-Ohio-5607.**]

IN THE COURT OF APPEALS FOR HOLMES COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| THE STATE OF OHIO, | : | |
| | : | |
| Appellee, | : | |
| | : | |
| | : | |
| v.- | : | JUDGMENT ENTRY |
| | : | |
| GEORGE H. SWOGGER, | : | |
| | : | |
| | : | |
| Appellant. | : | CASE NO. 2011-CA-007 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas, Holmes County, Ohio is affirmed. Costs to appellant.

_____
HON. W. SCOTT GWIN

_____
HON. JULIE A. EDWARDS

_____
HON. PATRICIA A. DELANEY