James Albert JONES, Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director, Texas Department of Corrections, Respondent-Appellee.

No. 77–2557.

United States Court of Appeals, Fifth Circuit.

Nov. 20, 1978.

---

James M. Holbrook, San Antonio, Tex. (Court-appointed), for petitioner-appellant.

John L. Hill, Atty. Gen., Catherine E. Greene, David M. Kendall, Jr., Joe B. Dibrell, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.

Before GEWIN, RONEY and GEE, Circuit Judges.

GEE, Circuit Judge:

Petitioner James Albert Jones seeks habeas corpus relief from confinement resulting from his Texas state court conviction following a plea of guilty to a charge of murder with malice. On appeal Jones advances several contentions that merit our attention. He attacks the guilty plea on two fronts; he complains that it was coerced and that it was the result of a broken plea bargain. He also complains of ineffective assistance of trial and appellate counsel. The district court denied relief after an evidentiary hearing. We affirm the district court's denial of the writ.

In 1970, following a brief argument with Jose Hernandez, Jones pulled a pistol and shot Hernandez to death. The altercation was witnessed by the Hernandez family and by Joe Farris, a neighbor of the two men. Jones and his retained trial counsel prepared for trial on a self-defense theory; Jones maintained that he shot Hernandez only to protect himself from an attack with a metal chair leg. On the morning of trial petitioner's counsel was shown the statement of eyewitness Farris, which indicated that Hernandez had no weapon and was not attacking Jones when the shots were fired. The prosecutor then offered to recommend a sentence of ten years in return for a guilty plea. Counsel conveyed this information and the state's offer to Jones. After a brief consultation with his counsel, Jones pleaded guilty to murder with malice.

Jones now contends that the guilty plea is invalid because the state breached its plea bargain agreement. The parties agree that the bargain was that the state would recommend a sentence of ten years and would not oppose probation. At the hearing on the guilty plea the prosecutor recommended ten years *confinement* and said nothing concerning probation. Probation was later denied by the trial judge, and Jones was sentenced to ten years in prison.

The law concerning broken plea bargains is well settled. We have recognized that a plea bargain is contractual in nature and that when the prosecution breaches it the underlying legal basis for the plea fails. *Petition of Geisser*, 554 F.2d 698, 704 (5th Cir. 1977). More important, because a guilty plea is a waiver of constitutional rights, *McCarthy v. United States*, 394 U.S. 459, 466, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969), the plea must be voluntary. It cannot be considered voluntarily made if it is based on unfulfilled promises of the prosecutor. *Brady v. United States*, 397 U.S. 742, 755, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Jones would have us ignore the lower court finding that the bargain was not breached; he contends that the use of the word "confinement" breached the agreement in that it was, in effect, a recommendation that probation be denied. He contends that the only way to keep the bargain was to recommend "ten years." We disagree. Petitioner's contention is merely an exercise in semantics, and we agree with the lower court that the state kept its promise not to oppose probation. A recommendation of "ten years" necessarily meant "ten years confinement" or "ten years imprisonment"; the promise was fulfilled by the prosecutor's silence on the issue of probation. The use of the word "confinement" in this sentence recommendation was not tantamount to opposition to probation. That Jones *believed* he would receive a probated sentence does not invalidate the plea where the terms of the bargain were kept. *See United States v. Bethany*, 489 F.2d 91, 93 (5th Cir. 1974); *United States v. Battle*, 467 F.2d 569, 570-71 (5th Cir. 1972).

Petitioner Jones also contends that his guilty plea cannot stand because it was the product of coercion, yet he does not allege actual or threatened physical harm,

promises to cease improper harassment, or bribes. Neither has he shown mental coercion that overcame his free will. *See Brady v. United States*, 397 U.S. at 749–50, 90 S.Ct. 1463. He alleges only that his attorney's impatience and stern demand for a quick answer, when added to the threat of a life sentence if the case went to trial, produced an involuntary plea. These allegations are not sufficient for us to find that the plea was coerced. Trial counsel's irritation and impatience, although certainly not commendable, do not amount to mental coercion sufficient to overbear Jones' free will. Moreover, a plea is not involuntary solely because a defendant pleads guilty out of a desire to limit the possible penalty. *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970); *Brady v. United States, supra; Weaver v. Texas*, 474 F.2d 1135 (5th Cir.), *cert. denied*, 414 U.S. 1064, 94 S.Ct. 569, 38 L.Ed.2d 468 (1973). To establish coercion Jones must show that the fear of the greater penalty destroyed his ability to weigh rationally, with aid of counsel, the advantages of proceeding to trial against those of pleading guilty. *See Brady v. United States,* 397 U.S. at 750–51, 90 S.Ct. 1463. There has been no showing that petitioner's guilty plea was coerced.

Jones next contends that he was denied effective assistance of counsel at both trial and appellate levels. His complaint against trial counsel apparently is based solely on counsel's advice to plead guilty. Our standard of effectiveness was well articulated by Judge Thornberry in *Herring v. Estelle*, 491 F.2d 125 (5th Cir. 1974). There we reiterated our standard: counsel must be reasonably likely to render and must render reasonably effective assistance.[1] *Herring v. Estelle, supra; MacKenna v. Ellis*, 280 F.2d 592, 599 (5th Cir. 1960), *cert. denied*, 368

U.S. 877, 82 S.Ct. 121, 7 L.Ed.2d 78 (1961). The lower court found that trial counsel provided effective assistance.

Counsel was confronted on the morning of trial with the statement of a disinterested witness who, if believed, would destroy petitioner's self-defense theory. He showed the statement to Jones, explained the effect it would have on his defense, explained the possibility of a life sentence if convicted vis-a-vis the state's offer of ten years, and left the final decision up to Jones. Certainly this assistance enabled Jones to make an informed and conscious choice between trial and a guilty plea. *Colson v. Smith*, 438 F.2d 1075, 1079 (5th Cir. 1971). Petitioner Jones, however, would have counsel do more than state the strength of the factual case against him, advise him concerning the applicable law, and allow him to make the decision on his own. He cites *Trahan v. Estelle*, 544 F.2d 1305, 1319 (5th Cir. 1977) (Goldberg, J., concurring), as support for his contention that more is required. But this reliance is misplaced. *Trahan* states clearly that the procedure Jones condemns is to be "commended in the general run of cases" and goes on to detail special circumstances in that case that may have required counsel to take a more active role. Jones has alleged no special circumstances that would take him out of "the general run of cases," and we agree with the lower court that trial counsel's assistance was well within our standard of effectiveness.[2]

Jones further contends that his court-appointed appellate counsel failed to provide him with effective assistance. He specifically points to counsel's failure to follow the detailed procedure required by *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18

---

1. The panel in *Herring* listed the relevant factors to be considered when a defendant pleads guilty. The appellate court must determine whether: (1) the lawyer ascertained that the plea was entered knowingly and voluntarily; (2) the lawyer actually and substantially assisted the accused in deciding whether to plead guilty; (3) the lawyer gave the accused an understanding of the law in relation to the facts; (4) the advice was reasonably compe-

tent; and (5) the advice permitted the accused to make an informed and conscious choice. *Herring v. Estelle*, 491 F.2d at 127–28.

2. The state contends that because trial counsel was retained his alleged incompetence does not involve state action and cannot be a ground for federal habeas relief. Because we have found his assistance to have been effective, we do not address this issue.

L.Ed.2d 493 (1967). There the Supreme Court addressed the duty of a court-appointed attorney to prosecute a first appeal from a criminal conviction. The Court detailed a strict procedure required when counsel determines, in good faith, that the prisoner's appeal is frivolous. Generally the procedure requires the attorney to inform the court of his belief that the appeal lacks merit, to request permission to withdraw, and to submit a brief containing anything that might arguably support the appeal. This procedure protects the prisoner's right to appeal by insuring that the court, and not counsel, will decide whether the appeal the prisoner is pressing will be dropped. *Anders v. California,* 386 U.S. at 744, 87 S.Ct. 1396.

After an examination of the court reporter's notes and a discussion with trial counsel, Jones' court-appointed appellate counsel determined that there were no grounds for an appeal. In addition, under the state law prevailing at the time, during the pendency of the appeal Jones would lose at least six months of "good-time" credit to which he would be entitled if he were transferred to the Texas Department of Corrections. On the basis of this information, counsel advised Jones to withdraw his appeal, and he instructed counsel to do so. The lower court found this advice to have been effective assistance, and we agree.

Admittedly, Jones' appointed counsel did none of the things required by *Anders.* Compliance was not required, however, because Jones voluntarily withdrew his appeal after consultation with, and advice from, counsel. We are convinced that *Anders* does not apply to an attorney whose client instructs him, as did Jones, to withdraw his appeal after being advised that an appeal would be meritless and against his best interests. To hold otherwise would, in effect, make it very difficult, if not impossible, for an appellate attorney to give his client sound advice to withdraw an appeal. To be sure, if the client persists in demanding an appeal, *Anders* applies in full force, and the attorney must comply with its procedures. Moreover, the decision to with-

draw the appeal must be that of the client; it must be a decision that the client has "suggested, acquiesced in, or concurred with." *See Collier v. Estelle,* 488 F.2d 929, 932 (5th Cir. 1974). We believe the record supports a finding that Jones' decision was his own.

Attorneys should not, and cannot, read this opinion to allow circumvention of *Anders.* We will not tolerate any attempt by counsel to clear a docket by forcing withdrawal of marginal appeals. We will require the advice to be effective assistance and the withdrawal to be the voluntary decision of the client. We say only that where, as here, court-appointed counsel gives his client good-faith and effective advice to withdraw an appeal he believes meritless and the client voluntarily instructs him to do so, the *Anders* requirements do not apply.

Petitioner's remaining contention is without merit. Accordingly, the judgment of the district court is AFFIRMED.