OPINION JUDGMENT ENTRY
{¶ 1} Defendant-appellant Sean Burroughs appeals the January 30, 2004 Judgment Entry of the Delaware Municipal Court, which denied appellant's counsel's motion to withdraw. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS
{¶ 2} Appellant was charged with driving under the influence in violation of Ohio Revised Code Section 4511.19(A)(1). The trial court appointed counsel to represent appellant. On January 28, 2004, eight days prior to the scheduled trial date, appellant's appointed counsel filed a motion to withdraw. The motion to withdraw requested the trial court appoint another attorney to be assigned by the Public Defender's Office. The request was not made by appellant, but by his attorney. The trial court, via Judgment Entry, denied the motion to withdraw on January 30, 2004.
{¶ 3} On February 4, 2004, the day before the scheduled jury trial, appellant filed a pro se letter with the trial court requesting a postponement. According to a February 5, 2004 Judgment Entry, the trial court granted the request, and continued the matter until a new date as assigned by the trial court due to appellant's requesting new counsel and postponement. However, appellant entered a plea of no contest on February 5, 2004. The trial court accepted the plea, and sentenced appellant accordingly.
{¶ 4} It is from the January 30, 2004 Judgment Entry of the trial court denying counsel's motion to withdraw appellant assigns the following as error:
{¶ 5} "I. The appellant's sixth amendment right to counsel was violated by the trial court's refusal to allow appellant counsel of his choice."
 I
{¶ 6} The first assignment of error is overruled. The Sixth Amendment right to counsel protects "the fundamental right to a fair trial." Strickland v. Washington (1984), 466 U.S. 668,684. "A fair trial is one in which evidence subject to adversarial testing is presented to an impartial tribunal for resolution of issues defined in advance of the proceeding." Id.,466 U.S. at 685, 104 S.Ct. at 2063. Thus, effective counsel is one who "plays the role necessary to ensure that the trial is fair," Id., 466 U.S. at 685, 104 S.Ct. at 2063, and "[t]he benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Id., 466 U.S. at 686,104 S.Ct. at 2064.
{¶ 7} In speaking on the subject of effective assistance of counsel in State v. Hester, 45 Ohio St. 2d 71, (1976), the Ohio Supreme Court stated:
{¶ 8} "We hold the tests to be whether the accused, under all the circumstances, including the fact that he had retained counsel, had a fair trial and substantial justice was done".
{¶ 9} The right to effective assistance of counsel does not equate with the right of a defendant to have counsel of his choosing. As the court stated in Wheat v. United States (1988),486 U.S. 153, 159, 108 S.Ct. 1692, 1697:
{¶ 10} "[W]hile the right to select and be represented by one's preferred attorney is comprehended by the Sixth Amendment, theessential aim of the Amendment is to guarantee an effectiveadvocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers." (Emphasis added).
{¶ 11} An indigent defendant has a right to competent counsel, not a right to counsel of his own choosing. Thurston v. Maxwell
(1965), 3 Ohio St.2d 92, 93, 32 O.O.2d 63, 64. The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney.Morris v. Slappy (1983), 461 U.S. 1, 13, 103 S.Ct. 1610, 1617;State v. Blankenship (1995), 102 Ohio App.3d 534.
{¶ 12} In State v. Green, Stark App. No. 1996CA00058, August 19, 1996, this Court held:
{¶ 13} "The right of an accused to select his own counsel is inherent only in those cases wherein such accused is employing the counsel himself. The right to have counsel assigned by the court does not impose a duty on the court to allow the accused to choose his own counsel; the selection is within the discretion of the court. "Further, "[t]he right to competent counsel does not require that a criminal defendant develop and share a `meaningful relationship' with his attorney." State v. Blankenship (1995),102 Ohio App.3d 534, 558.
{¶ 14} "* * * [A]n indigent defendant is entitled to the appointment of substitute counsel only upon a showing of good cause, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict which leads to an apparently unjust result. Id., citing State v. Pruitt (1984),18 Ohio App.3d 50, 57."
{¶ 15} In the case sub judice, based upon our review of the record below, we do not believe that appellant has demonstrated that the breakdown in his relationship with his attorney either: (1) caused counsel's performance to be deficient; or (2) that any deficiency in counsel's performance prejudiced the defense. Accordingly, we find no evidence demonstrating substantial justice was not done.
{¶ 16} Appellant's sole assignment of error is overruled.
{¶ 17} The January 30, 2004 Judgment Entry of the Delaware Municipal Court denying counsel's motion to withdraw, and appellant's subsequent conviction and sentence are affirmed.
Hoffman, J., Gwin, P.J. and Wise, J. concur.
For the reason stated in our accompanying Memorandum-Opinion, the January 30, 2004 Judgment Entry of the Delaware Municipal Court is affirmed. Costs assessed to appellant.