[Cite as *State v. Curtis*, 2018-Ohio-2822.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  | JUDGES: |
|---|---|---|
| STATE OF OHIO | : | Hon. W. Scott Gwin, P.J. |
|  | : | Hon. Patricia A. Delaney, J. |
| Plaintiff-Appellee | : | Hon. Craig R. Baldwin, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2018-0014 |
| RODNEY A. CURTIS | : |  |
|  | : |  |
| Defendant-Appellant | : | OPINION |

CHARACTER OF PROCEEDING:     Criminal appeal from the Muskingum
County Court of Common Pleas, Case
No.CR2015-0117

JUDGMENT:     Affirmed

DATE OF JUDGMENT ENTRY:     July 13, 2018

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

D. MICHAEL HADDOX                 RODNEY A. CURTIS
Prosecuting Attorney                   #A721-152
BY GERALD V. ANDERSON II       Noble Correctional Institution
Assistant Prosecuting Attorney      15708 McConnelsville Road
27 North Fifth St., Box 189           Caldwell, OH 43724
Zanesville, OH 43701

*Gwin, P.J.*

{¶1} Appellant Rodney A. Curtis ["Curtis"] appeals from the February 13, 2018 judgment entry of the Muskingum County Court of Common Pleas overruling his petition for post-conviction relief.

*Facts and Procedural History*

{¶2} On August 20, 2014, Detective Welker of the Muskingum County Sheriff's Office filed an affidavit to receive a search warrant allowing the Sheriff's Office to seize the cell phone of Curtis. The affidavit cites to allegations from a minor female resident at Avondale Youth Center where Curtis worked as a Child Care worker. The victim alleged that they had sexual contact in numerous locations and that she had taken nude pictures of herself on Curtis' cell phone. Detective Welker talked to Curtis about these allegations and asked to see Curtis' cell phone. Curtis declined to show Detective Welker his cell phone but did admit that the victim sometimes takes his cell phone and has taken pictures of herself with it.

{¶3} After retrieving the phone, Detective Welker filed for another search warrant on August 21, 2014, to be able to search the phone's data for evidence of the criminal allegations. The Sheriff's Office searched the phone on August 22, 2014, but was unable to download the data because their cable was not compatible with the newer phone. The Sheriff's Office continued and completed downloading the data on September 8, 2014.

{¶4} Curtis was indicted on or about March 18, 2015, on 63 counts of Illegal Use of Minor in Nudity Oriented Material or Performance, each a felony of the second degree and 11 counts of Sexual Battery, each a felony of the third degree. He retained counsel to represent him.

{¶5} On May 22, 2015, Curtis filed a motion to suppress the evidence. A hearing was held and on June 12, 2015, the Court denied Curtis' motion to suppress the evidence.

{¶6} On or about October 5, 2015, Curtis entered a negotiated pled guilty to counts 1, 2, 3, 5, 6, 7, 9, 11, 12, 13, 64, 68, and 74. In exchange for his plea, the state dismissed the remaining counts.

{¶7} On November 23, 2015, Curtis was sentenced to an aggregate prison sentence of eleven years. Curtis did not file a direct appeal, though he attempted to file a delayed appeal on November 23, 2016. This Court denied Curtis' motion to file a delayed appeal by Judgment Entry filed January 3, 2017 in Case No. 16-62.

{¶8} On November 23, 2016, Curtis also filed a Petition for Post-Conviction Relief in the trial court. On February 13, 2018, the trial court issued a seven-page entry denying Curtis' petition for post-conviction relief.

*Assignments of Error*

{¶9} Curtis raises two assignments of error,

{¶10} "I. TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY DENYING DEFENDANT'S POSTCONVICTION RELIEF PETITION WHEN IT FOUND THAT DEFENDANT'S COUNSEL WAS NOT DEFICIENT NOR DEFENDANT PREJUDICE WITHOUT CONDUCTING DISCOVERY, THUS CONTRARY TO THE UNITED STATES SUPREME COURTS HOLDING IN STRICKLAND V. WASHINGTON.

{¶11} "II. TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN NOT CONDUCTING DISCOVERY BEFORE DENYING A POSTCONVICTION RELIEF."

*Pro se Litigants*

{¶12} We understand that Curtis has filed this appeal pro se. Nevertheless, "like members of the bar, pro se litigants are required to comply with rules of practice and procedure." *Hardy v. Belmont Correctional Inst.,* 10th Dist. No. 06AP-116, 2006-Ohio-3316, ¶ 9. *See, also, State v. Hall,* 11th Dist. No. 2007-T-0022, 2008-Ohio-2128, ¶11. We also understand that "an appellate court will ordinarily indulge a pro se litigant where there is some semblance of compliance with the appellate rules." *State v. Richard,* 8th Dist. No. 86154, 2005-Ohio-6494, ¶4 (internal quotation omitted).

{¶13} In *State v. Hooks*, 92 Ohio St.3d 83, 2001-Ohio-150, 748 N.E.2d 528(2001), the Supreme Court noted, "a reviewing court cannot add matter to the record before it that was not a part of the trial court's proceedings, and then decide the appeal on the basis of the new matter. See, *State v. Ishmail*, 54 Ohio St.2d 402, 377 N.E.2d 500(1978)." It is also a longstanding rule "that the record cannot be enlarged by factual assertions in the brief." *Dissolution of Doty v. Doty,* 4th Dist. No. 411, 1980 WL 350992 (Feb. 28, 1980), citing *Scioto Bank v. Columbus Union Stock Yards*, 120 Ohio App. 55, 59, 201 N.E.2d 227(1963). New material and factual assertions contained in any brief in this court may not be considered. See, *North v. Beightler,* 112 Ohio St.3d 122, 2006-Ohio-6515, 858 N.E.2d 386, ¶7, quoting *Dzina v. Celebrezze,* 108 Ohio St.3d 385, 2006-Ohio-1195, 843 N.E.2d 1202, ¶16. Therefore, we have disregarded facts and documents in the parties' briefs that are outside of the record.

{¶14} In the interests of justice, we shall attempt to consider Curtis' assignments of error.

I. & II.

{¶15} Each of Curtis' assignments of error arises from the trial court's denial of his petition for post-conviction relief.  Curtis claims he was denied effective assistance of trial counsel and he should have been permitted to conduct discovery in his petition for post-conviction relief.

**Standard of Appellate Review - Post-conviction relief.**

{¶16} R.C. 2953.21(A) states in part,

> (A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States… may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.  The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶17} A petition for post-conviction relief is a means to reach constitutional issues that would otherwise be impossible to reach because the evidence supporting those issues is not contained in the record of the petitioner's criminal conviction.  *State v. Murphy,* 10th Dist. Franklin No. 00AP-233, 2000 WL 1877526(Dec. 26, 2000); *Accord, State v. Zich,* 6th Dist. Lucas No. L-15-1263, 2017-Ohio-414, ¶9.  Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment.  *State v. Calhoun,*

86 Ohio St.3d 279, 281, 714 N.E.2d 905(1999); *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67(1994).   A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition.  *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819(1980).  *State v. Lewis,* 5th Dist. Stark No. 2007CA00358, 2008-Ohio-3113 at ¶ 8.

{¶18} In post-conviction cases, a trial court has a gatekeeping role as to whether a defendant will receive a hearing.  In *State v. Calhoun*, the Ohio Supreme Court held that a trial court could dismiss a petition for post-conviction relief without a hearing "where the petition, the supporting affidavits, the documentary evidence, the files, and the records do not demonstrate that petitioner set forth sufficient operative facts to establish substantive grounds for relief."  86 Ohio St.3d 279, 714 N.E.2d 905(1999), paragraph two of the syllabus.

{¶19} In *State v. Phillips*, the court noted,

> Significantly, evidence outside the record alone will not guarantee the right to an evidentiary hearing.  *State v. Combs* (1994), 100 Ohio App.3d 90, 97, 652 N.E.2d 205.  Such evidence "'must meet some threshold standard of cogency; otherwise it would be too easy to defeat the holding of [*State v. Perry* (1967), 10 Ohio St.2d 175] by simply attaching as exhibits evidence which is only marginally significant and does not advance the petitioner's claim beyond mere hypothesis and a desire for further discovery.'"  (Citation omitted.)  *State v. Lawson* (1995), 103 Ohio App.3d 307, 315, 659 N.E.2d 362.  Thus, the evidence must not be merely

cumulative of or alternative to evidence presented at trial. *Combs,* 100 Ohio App.3d at 98, 652 N.E.2d 205.

9th Dist. Summit No. 20292, 2002-Ohio-823.

{¶20} In *State v. Gondor*, the Court held that a trial court's decision granting or denying a post-conviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for post-conviction relief that is supported by competent and credible evidence." 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77(2006), ¶ 58.

{¶21} An abuse of discretion exists where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *Tennant v. Gallick,* 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; In *re Guardianship of S .H.*, 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi,* 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶54.

## ISSUES FOR APPEAL

A. Whether the trial court abused its discretion in denying Curtis' petition for post-conviction relief.

{¶22} Curtis retained counsel to represent him during the trial court proceedings. Curtis contends he was denied effective assistance of trial counsel. Specifically, Curtis submits that he was coerced into entering his guilty pleas and further that his attorney failed to investigate his case.

1). Ineffective Assistance of Counsel in post-conviction relief claims.

**{¶23}** In order for an indigent petitioner to be entitled to an evidentiary hearing in a post- conviction relief proceeding on a claim that he was denied effective assistance of counsel, the two-part *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 838, 122 L.Ed.2d (1984) test is to be applied.  *Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180(1993); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373(1989).

**{¶24}** The petitioner must therefore prove that: 1). counsel's performance fell below an objective standard of reasonable representation; and 2). there exists a reasonable probability that, were it not for counsel's errors, the petitioner would not have plead guilty and would have insisted on going to trial.  *Hill v. Lockhart,* 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203(1985).

**{¶25}** Furthermore, before a hearing is granted in proceedings for post-conviction relief upon a claim of ineffective assistance of trial counsel, the petitioner bears the initial burden to submit evidentiary material containing sufficient operative facts that demonstrate a substantial violation of any of defense counsel's essential duties to his client and prejudice arising from counsel's ineffectiveness.  *Calhoun,* 86 Ohio St.3d at 289, 714 N.E.2d 905; *State v. Jackson*, 64 Ohio St.2d 107, 413 N.E.2d 819(1980), syllabus; see, also *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674, 693(1984).

*a. Coercion in the plea bargaining process.*

**{¶26}** Curtis submits that he had no choice but to enter a guilty plea because his attorney told him that he would receive a life sentence if he were convicted after a jury trial; however if he pleaded guilty he would receive a lighter sentence.  *See*, Appellant's Brief at 15-17.

{¶27} In the case at bar, the trial court found,

> Defendant was charged with 63, F2 counts and 11, F3 (60 months) counts, which meant he faced up to 504 years plus 660 months in prison — or essentially 559 years in prison. While Defendant would have unlikely received a half-century prison sentence, any comment that Defendant faced a life sentence was accurate in regards to effect, if not in regards to terminology. Most importantly, while an effective way to communicate the situation to Defendant, informing him that he faced a life sentence is not a threat. Furthermore, a defense attorney is required to evaluate a case and inform their client of their opinion and status of a case.

Journal Entry, filed Feb 13, 2018 at 4.

{¶28} The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right ... to have the Assistance of Counsel for his defense." An element of this right is the right of a defendant who does not require appointed counsel to choose who will represent him. *See Wheat v. United States*, 486 U.S. 153, 159, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). The erroneous denial of counsel of choice constitutes structural error. *United States v. Gonzalez–Lopez*, 548 U.S. 140, 150, 126 S.Ct. 2557, 165 L.Ed.2d 409 (2006); *State v. Chambliss*, 128 Ohio St.3d 507, 2011–Ohio–1785, 947 N.E.2d 651, ¶18. Such an error requires an automatic reversal of a conviction. *Chambliss,* ¶ 18; *Gonzalez–Lopez*, 548 U.S. at 148.

{¶29} Curtis was represented by retained counsel of Curtis' choosing in the trial court. Curtis has not submitted affidavits or evidentiary materials to substantiate his claim that he and his attorney had any misunderstandings concerning the plea offer by the state

as explained in open court by the trial judge.  No affidavits or evidentiary materials were submitted to substantiate Curtis' claim that his retained counsel coerced him to plead guilty.

{¶30} The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney.  *Morris v. Slappy*, 461 U.S. 1, 13, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610(1983); *State v. Blankenship*, 102 Ohio App.3d 534, 657 N.E.2d 559 (12th 1995); *State v. Burroughs*, 5th Dist. Delaware No. 04CAC03018, 2004-Ohio-4769, ¶ 11. In *State v. Cowans*, 87 Ohio St.3d 68, 1999-Ohio-250, 717 N.E.2d 298(1999) the Court noted,

> "A lawyer has a duty to give the accused an honest appraisal of his case. * * * Counsel has a duty to be candid; he has no duty to be optimistic when the facts do not warrant optimism."  *Brown v. United States* (C.A.D.C.1959), 264 F.2d 363, 369 (en banc), *quoted in McKee v. Harris* (C.A.2, 1981), 649 F.2d 927, 932.  "'If the rule were otherwise, appointed counsel could be replaced for doing little more than giving their clients honest advice.'"  *McKee*, 649 F.2d at 932, *quoting McKee v. Harris* (S.D.N.Y.1980), 485 F.Supp. 866, 869.

*Cowans*, 87 Ohio St.3d at 73, 1999-Ohio-250, 717 N.E.2d 298.

{¶31} In a similar vein, it has been held that hostility, tension, or personal conflicts between an attorney and a client that do not interfere with the preparation or presentation of a competent defense are insufficient to justify a change in appointed counsel.  See *State v. Henness*, 79 Ohio St.3d 53, 65-66, 679 N.E.2d 686(1997).  Furthermore, "[m]erely because appointed counsel's trial tactics or approach may vary from that which

appellant views as prudent is not sufficient to warrant the substitution of counsel." *State v. Glasure*, 132 Ohio App.3d 227, 239, 724 N.E.2d 1165(7th Dist. 1999); *State v. Evans*, 153 Ohio App.3d 226, 2003-Ohio-3475, 792 N.E.2d 757, ¶31 (7th Dist.); *State v. Newland*, 4th Dist. Ross No. 02CA2666, 2003-Ohio-3230, ¶11.

{¶32} In *Jones v. Estelle*, 584 F.2d 687 (5th Cir.1978), the Fifth Circuit addressed its habeas corpus petitioner's claim that "his attorney's impatience and stern demand for a quick answer, when added to the threat of a life sentence if the case went to trial, produced an involuntary plea." *Jones*, 584 F.2d at 690. The Fifth Circuit rejected its petitioner's claim, however, stating:

> These allegations are not sufficient for us to find that the plea was coerced. Trial counsel's irritation and impatience, although certainly not commendable, do not amount to mental coercion sufficient to overbear Jones' free will. Moreover, a plea is not involuntary solely because a defendant pleads guilty out of a desire to limit the possible penalty. [Citations omitted.] To establish coercion Jones must show that the fear of the greater penalty destroyed his ability to weigh rationally, with aid of counsel, the advantages of proceeding to trial against those of pleading guilty. [Citation omitted.] There has been no showing that petitioner's guilty plea was coerced.

*Jones*, 584 F.2d at 690. *See also Rankins v. State,*

> Rankins argues that his plea was not voluntarily or intelligently made because he was coerced by his counsel. Specifically, Rankins asserts his counsel induced him to plead guilty by telling him that if he did not take the

plea bargain of eight years he could get the maximum sentence of thirty years. * * * In regard to Rankins's impression that his attorney wrongly persuaded him to plead guilty, we find no suggestion that his attorney threatened or provided improper inducements. It is obvious that Rankins's attorney gave him only advice as to what the situation could entail if he did not plead. Advising a client of the possibility of receiving the maximum sentence if the case goes to trial is not a form of coercion"; *Simons v. State*, 719 S.W.2d 479, 481 (Mo.App.1986) ("movant first argues that his counsel's advice of a possible 100–year sentence coerced him into an involuntary plea of guilty. * * * For counsel to predict the possibility of a lengthy sentence following a jury trial does not amount to a coerced and involuntary plea").

839 So.2d 581, 584 (Miss.App.2003). *Accord, People v. Barnslater,* 373 Ill.App.3d 512, 869 N.E.2d 293, 309.

{¶**33**} In the case at bar, Curtis could have, but did not, dismiss his retained counsel if he was dissatisfied with counsel's advice. Curtis has failed in his initial burden to submit evidentiary materials to establish his claim that he was coerced by counsel's candid appraisal of his chances at trial.

{¶**34**} The petition, the documentary evidence, the files, the transcript and the records do not demonstrate that Curtis set forth sufficient operative facts to establish substantive grounds for relief concerning counsel's effectiveness during plea negotiations. *Calhoun,* 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).

*b. Failure to investigate.*

{¶35} Curtis next contends that his retained trial attorney did not properly investigate his case. Specifically, Curtis attempts to argue that the trial court's ruling on his motion to suppress that challenged the search warrant was erroneous. Appellant's Brief at 17-20. Curtis also attacks the veracity of the victim.

{¶36} In the case at bar, the trial court found,

> In contrast, the record shows that his defense attorney requested and received discovery, negotiated with the Prosecutor's Office for a plea deal with significantly less exposure and a joint recommendation of seven (7) years, fought to suppress evidence for his client, hired an expert to review the evidence, and argued at length on behalf of his client at sentencing.

Journal Entry, filed Feb 13, 2018 at 4.

{¶37} The right to competent counsel does not require that a criminal defendant develop and share a "meaningful relationship" with his attorney. *Morris v. Slappy*, 461 U.S. 1, 13, 103 S.Ct. 1610, 1617, 75 L.Ed.2d 610(1983); *State v. Blankenship*, 102 Ohio App.3d 534, 657 N.E.2d 559 (12th 1995); *State v. Burroughs*, 5th Dist. Delaware No. 04CAC03018, 2004-Ohio-4769, ¶ 11.

{¶38} When there is no demonstration that counsel failed to research the facts or the law or that counsel was ignorant of a crucial defense, a reviewing court defers to counsel's judgment in the matter. *State v. Clayton*, 62 Ohio St.2d 45, 49, 402 N.E.2d 1189(1980), *citing People v. Miller* (1972), 7 Cal.3d 562, 573-574, 102 Cal.Rptr. 841, 498 P.2d 1089; *State v. Wiley*, 10th Dist. No. 03AP-340, 2004- Ohio-1008, ¶ 21.

{¶39} Our review of the record in Curtis' case demonstrates that his retained trial counsel was thoroughly prepared. Curtis did not dismiss his retained counsel; nor did he request the trial court appoint substitute counsel. Curtis has failed to submit any documentary evidence or affidavits to substantiate his claim that trial counsel was unprepared. As Curtis retained his trial attorney Curtis was free to discharge him if Curtis felt he was not doing a complete and through job on Curtis' behalf.

{¶40} The petition, the documentary evidence, the files, the transcript and the records do not demonstrate that Curtis set forth sufficient operative facts to establish substantive grounds for relief concerning counsel's effectiveness during plea negotiations. *Calhoun,* 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).

<u>2). Denial of discovery during the post-conviction appeal process.</u>

{¶41} Curtis next contends that the trial court erred and abused its discretion in not conducting discovery before denying his petition.

{¶42} There is no provision for conducting discovery in the post-conviction process. *State ex Rel. Love v. Cuyahoga County Prosecutor's Office*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905, 1999-Ohio-102. The power to conduct and compel discovery in post-conviction is not included within a trial court's statutorily defined authority.

{¶43} In *State v. Conway,* the Court of Appeals noted,

> Because there is no federal constitutional right to a post-conviction
> review process, Ohio's post-conviction proceedings afford only a narrow
> remedy strictly defined by statute and granting no rights to a petitioner
> beyond those spelled out in R.C. 2953.21. *State v. Campbell,* Franklin

App. No. 03AP-147, 2003-Ohio-6305, at ¶ 13.  While the statute explicitly provides for appointment of counsel in post-conviction proceedings when the petitioner has been sentenced to death, the statute nowhere provides a right to funding or appointment of expert witnesses or assistance in a post-conviction petition.  *State v. Tolliver*, Franklin App. No. 04AP-591, 2005-Ohio-989, at ¶ 25, *citing State v. Smith* (2000), Ninth Dist. App. 98CA-007169, and *State v. Hooks (*1998), Second Dist. App. No. CA 16978.

10th Dist. Franklin No. 05AP-550, 2006-Ohio-6219, ¶15.  Denial of discovery before dismissing a post-relief-conviction petition does not violate due process or equal protection,

This same argument has been rejected by this and other Ohio appellate courts.  *See Braden*, at ¶ 40; *Hessler*, at ¶ 85; *Jackson,* at ¶ 96-97, 413 N.E.2d 819; *State v. Scudder* (1998), 131 Ohio App.3d 470, 478, 722 N.E.2d 1054, *appeal dismissed* (1999), 85 Ohio St.3d 1456, 708 N.E.2d 1010; *State v. Coleman,* Clark App. No.2001-CA-42, 2002-Ohio-5377, at ¶ 111-112, *discretionary appeal not allowed* (2003), 98 Ohio St.3d 1478, 784 N.E.2d 711; *State v. Hoffner,* Lucas App. No. L-01-1281, 2002-Ohio-5201, at ¶ 36.  *See, also, State ex rel. Love v. Cuyahoga Cty. Prosecutor's Office* (1999), 87 Ohio St.3d 158, 159, 718 N.E.2d 426, *certiorari denied* (2000), 529 U.S. 1116, 120 S.Ct. 1977, 146 L.Ed.2d 806 (determining a defendant is not entitled to discovery in post-conviction proceedings).

*State v. Campbell,* 10th Dist. Franklin No. 03AP-147, 2003-Ohio-6305, ¶46.  *Accord, State v. Elmore,* 5th Dist.  Licking No. 2005-CA-32, 2005-Ohio-5740, ¶25.

**{¶44}** Further, Curtis has not demonstrated any prejudice by the court's failure to grant him discovery. Curtis submitted dozens of pages in support of his petition for post-conviction relief. It does not appear that Curtis' presentation of materials in support of his petition was hampered in any way by the court's failure to allow him to conduct discovery. *State v. Ashworth*, 5th Dist. Licking No. 99-CA-60, 1999 WL 1071742 (Nov 8, 1999); *See also, Williams v. Bagley*, 380 F.3d 932, 967(6th Cir.2004).

**CONCLUSION.**

**{¶45}** As self-serving testimony, the trial court could give little or no weight to Curtis contentions. *See, State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999);*State v. Kapper*, 5 Ohio St.3d 36, 38, 448 N.E.2d 823 (1983) (letter or affidavit from the court, prosecutors, or defense counsel alleging a defect in the plea process might be sufficient to warrant a hearing, although defendant's own affidavit alleging same defect would not, because the former are not self-serving declarations);*State v. Elmore,* 5th Dist. No. 2005-CA-32, 2005-Ohio-5740, ¶109. The judge who reviewed defendant's post-conviction relief petition was the same judge who presided at the plea and sentencing of Curtis. Thus, the trial judge was familiar with the underlying proceedings and was in the best position to assess the credibility of Curtis. *Calhoun*, supra, 86 Ohio St.3d 279, 286.

**{¶46}** The petition, the documentary evidence, the files, the transcript and the records do not demonstrate that Curtis set forth sufficient operative facts to establish substantive grounds for relief. *Calhoun,* 86 Ohio St.3d at paragraph two of the syllabus; see R.C. 2953.21(C).

**{¶47}** The trial court's findings are supported by competent and credible evidence.

{¶48} For the forgoing reasons, Curtis' First and Second Assignments of Error are overruled.  The judgment of the Muskingum County Court of Common Pleas is affirmed.


By Gwin, P. J.,

Delaney, J., and

Baldwin, J., concur