[Cite as *State v. Curtis*, 2019-Ohio-2587.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
| STATE OF OHIO | : | JUDGES:<br>Hon. W. Scott Gwin, P.J.<br>Hon. William B. Hoffman, J. |
| Plaintiff-Appellee | : | Hon. John W. Wise, J. |
|  | : |  |
| -vs- | : |  |
|  | : | Case No. CT2019-0001 |
| RODNEY CURTIS | : |  |
|  | : |  |
| Defendant-Appellant | : | <u>OPINION</u> |

CHARACTER OF PROCEEDING:      Criminal appeal from the Muskingum
                              County Court of Common Pleas, Case
                              No.CR2015-0117

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       June 26, 2019

APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

D. MICHAEL HADDOX                     RODNEY A. CURTIS
PROSECUTOR                            #A721-152
BY: TAYLOR P. BENNINGTON              Noble Correctional Institution
ASSISTANT PROSECUTOR                  15708 McConnelsville Road
27 North Fifth St., P.O. Box 189      Caldwell, OH 43724
Zanesville, OH 43701

*Gwin, P.J.*

{¶1}    Appellant Rodney A. Curtis ["Curtis"] appeals from the December 7, 2018 Judgment Entry of the Muskingum County Court of Common Pleas overruling his second petition for post-conviction relief.

*Facts and Procedural History*

{¶2}    Curtis was indicted on or about March 18, 2015, on 63 counts of Illegal Use of Minor in Nudity Oriented Material or Performance, each a felony of the second degree and 11 counts of Sexual Battery, each a felony of the third degree.  He retained counsel to represent him.

{¶3}    On or about October 5, 2015, Curtis entered a negotiated plea guilty to counts 1, 2, 3, 5, 6, 7, 9, 11, 12, 13, 64, 68, and 74.  In exchange for his plea, the state dismissed the remaining 61 counts.

{¶4}    On November 23, 2015, Curtis was sentenced to an aggregate prison sentence of eleven years[1].  Curtis did not file a direct appeal, though he attempted to file a delayed appeal on November 23, 2016.  This Court denied Curtis' motion to file a delayed appeal by Judgment Entry filed January 3, 2017 in Case No. 16-62.

{¶5}    On November 23, 2016, Curtis also filed a Petition for Post-Conviction Relief in the trial court.  On February 13, 2018, the trial court issued a seven-page entry denying Curtis' petition for post-conviction relief. This Court affirmed the trial court's decision.  *State v. Curtis,* 5th Dist. Muskingum No. CT2018-0014, 2018-Ohio-2822 ["*Curtis I*"].

---

[1] Curtis received seven year sentences on Counts 2, 3, 5, 6, 9, 11, 12 and 13, concurrent to one another; Curtis received 48 month sentences each on Counts 64, 68 and 74, concurrent to one another, but consecutive to the seven year sentences.  See, Judgment Entry filed Dec. 4, 2015, Docket Number 60.

{¶6}   On November 8, 2018, Curtis filed a Motion for Successive Post-Conviction relief.  On December 7, 2018, the trial court overruled Curtis' motion.

*Assignments of Error*

{¶7}   Curtis raises four Assignments of Error,

{¶8}   "I.  APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS WHERE COUNSEL PREVENTED APPELLANT FROM DISCOVERING THE FACTS ABOUT A JOINT RECOMMENDATION PLEA OFFER OF SEVEN (7) YEARS THAT CHANGED THE OUTCOME OF THE PROCEEDINGS, AND PREVENTED APPELLANT FROM SERVING A LESSER PENALTY IN VIOLATION OF THE UNITED STATES AND OHIO CONSTITUTION, THUS, CAUSING APPELLANT TO ENTER A GUILTY PLEA THAT WAS LESS THAN KNOWING, VOLUNTARY, AND INTELLIGENTLY.

{¶9}   "II.  APPELLANT WAS DEPRIVED OF HIS SIXTH AMENDMENT RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL AND FOURTEENTH AMENDMENT RIGHT TO DUE PROCESS WHEN HE TOLD APPELLANT THAT HE "DOES NOT ALLOW HIS CLIENTS TO DO NO-CONTEST PLEAS, IT'S EITHER GUILTY OR NOT GUILTY.

{¶10}  "III. THE STATE ENGAGED IN PROSECUTORIAL MISCONDUCT IN VIOLATION OF THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES AND OHIO CONSTITUTION DEPRIVING APPELLANT OF A FAIR TRIAL/PROCEEDING WHEN THE PROSECUTOR TOLD THE TRIAL COURT, AND COURT OF APPEALS, THAT THERE WAS "A JOINT RECOMMENDATION OF SEVEN

(7) YEARS" DESPITE NO SUCH RECORD BEING IN EXISTENCE TO PERSUADE BOTH COURT'S TO DENY APPELLANT'S 2953.21.

{¶11} "IV. THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S 2953.21 PETITION DENYING APPELLANT DUE PROCESS."

**STANDARD OF APPELLATE REVIEW - POST-CONVICTION RELIEF.**

{¶12} R.C. 2953.21(A) states in part,

(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States… may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.  The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

{¶13} Although designed to address claimed constitutional violations, the post-conviction relief process is a civil collateral attack on a criminal judgment, not an appeal of that judgment.  *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905(1999); *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67(1994).  A petition for post-conviction relief, thus, does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the

petition. *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819(1980). *State v. Lewis*, 5th Dist. Stark No. 2007CA00358, 2008-Ohio-3113 at ¶ 8.

{¶14} In *State v. Gondor*, the Ohio Supreme Court held that "a trial court's decision granting or denying a post-conviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for post-conviction relief that is supported by competent and credible evidence." 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77(2006), ¶ 58. In *Gondor*, the trial court held an evidentiary hearing on the petition for post-conviction relief. Id. at ¶19. The Supreme Court noted,

> A de novo review by appellate courts would relegate the post-conviction trial court to a mere testimony-gathering apparatus. Nothing in R.C. 2953.21 indicates that that should be the case.

112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 56. The court in *Gondor* held,

> We thus conclude that proposition of law II has merit. The court of appeals erred by using a de novo standard of review in reversing the trial court's findings. We hold that a trial court's decision granting or denying a post-conviction petition filed pursuant to R.C. 2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for post-conviction relief that is supported by competent and credible evidence.

112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 58 An abuse of discretion can be found where the reasons given by the court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or

purpose not justified by reason and the evidence. *Tennant v. Gallick*, 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship of S.H.,* 9th Dist. Medina No. 13CA0066–M, 2013–Ohio–4380, ¶ 9; *State v. Firouzmandi*, 5th Dist. Licking No.2006–CA–41, 2006–Ohio–5823, ¶54.

I.

{¶15}   In his First Assignment of Error, Curtis maintains that he received ineffective assistance of trial counsel because his attorney prevented him from discovering a plea offer by the state of seven years.

{¶16}   In the case at bar, the trial court found,

> In contrast, the record shows that his defense attorney requested and received discovery, negotiated with the Prosecutor's Office for a plea deal with significantly less exposure and a joint recommendation of seven (7) years, fought to suppress evidence for his client, hired an expert to review the evidence, and argued at length on behalf of his client at sentencing.

Journal Entry, filed Feb 13, 2018 at 4; *Curtis I, ¶*36 .  In *Curtis, I* we noted,

> Curtis was represented by retained counsel of Curtis' choosing in the trial court.  Curtis has not submitted affidavits or evidentiary materials to substantiate his claim that he and his attorney had any misunderstandings concerning the plea offer by the state as explained in open court by the trial judge.  No affidavits or evidentiary materials were submitted to substantiate Curtis' claim that his retained counsel coerced him to plead guilty.

*Curtis I,* 2018-Ohio-2822, ¶29.

{¶17} In *Lafler v. Cooper* the United States Supreme Court reiterated that the Sixth Amendment requires effective assistance not just at trial but at all critical stages of a criminal proceeding, including plea bargaining. 566 U.S. 156, 162, 132 S.Ct. 1376, 182 L.Ed.2d 398 (2012). In order to prevail on a claim of ineffective assistance of counsel when counsel's ineffective advice led to the rejection of a plea offer, the Court held that "a defendant must show that but for the ineffective advice, there is a reasonable probability that [1] the plea offer would have been presented to the court ...; [2] the court would have accepted [the plea];" and (3) the defendant was convicted of more serious offense or received a less favorable sentence than he would have received under the terms of the offer. Id. at 1385.

{¶18} A trial court is not bound to follow a sentence that has been jointly recommended by the parties. *See, State, ex rel. Duran v. Kelsey,* 106 Ohio st.3d 58, 2005-Ohio-3674, 831 N.E.2d 430, ¶6. Clearly, in the case at bar the trial court acknowledged the joint recommendation and chose not to follow it.

{¶19} The petition, the documentary evidence, the files, the transcript and the records do not demonstrate that Curtis set forth sufficient operative facts to establish that the trial court would have sentenced Curtis to an aggregate sentence of seven years, or that the trial court was not advised of the joint sentence recommendation.

{¶20} Curtis' First Assignment of Error is overruled.

II.

{¶21} In his Second Assignment of Error, Curtis argues that he was denied effective assistance of counsel because trial counsel allegedly informed Curtis that counsel does not allow his clients to plead no contest.

**{¶22}** Another proper basis upon which to deny a petition for post-conviction relief without holding an evidentiary hearing is res judicata. *State v. Lentz*, 70 Ohio St.3d 527, 530, 639 N.E.2d 784 (1994); *State v. Phillips,* 9th Dist. Summit No. 20692, 2002-Ohio-823.

**{¶23}** Under the doctrine of res judicata, a final judgment of conviction bars a convicted defendant who was represented by counsel from raising and litigating in any proceeding, except an appeal from that judgment, any defense or any claimed lack of due process that was raised or could have been raised by the defendant at the trial, which resulted in that judgment of conviction, or on an appeal from that judgment. *State v. Szefcyk,* 77 Ohio St.3d 93, 671 N.E.2d 233(1996), syllabus, *approving and following State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104(1967), paragraph nine of the syllabus. It is well settled that, "pursuant to res judicata, a defendant cannot raise an issue in a [petition] for post-conviction relief if he or she could have raised the issue on direct appeal." *State v. Reynolds*, 79 Ohio St.3d 158, 161, 679 N.E.2d 1131(1997). Accordingly, "[t]o survive preclusion by res judicata, a petitioner must produce new evidence that would render the judgment void or voidable and must also show that he could not have appealed the claim based upon information contained in the original record." *State v. Nemchik*, 9th Dist. Lorain No. CA98CA007279, 2000 WL 254908 (Mar. 8, 2000), at 3; *see, also, State v. Ferko,* 9th Dist. Summit No. 20608, 2001 WL 1162835 (Oct. 3, 2001) at 5; *State v. Phillips, supra.* The presentation of competent, relevant, and material evidence dehors the record may defeat the application of res judicata*. See State v. Smith,* 17 Ohio St.3d 98, 101, 477 N.E.2d 1128, 1131–1132(1985), fn. 1.

**{¶24}**  Curtis's argument was advanced in his first petition for post-conviction relief. *See, Defendant's Petition for Post-Conviction Relief Pursuant to R.C. 2953.12 & 2953.23,* filed Nov. 23, 2016 at 9-11[Docket Number 63].  The claim is reiterated at paragraph four of Curtis' affidavit attached to his first petition.  [Docket Number 63 at 13].

**{¶25}**  Curtis failed to assign this contention as error in *Curtis, I.*  Because Curtis could have raised his argument in *Curtis, I*, it is barred in this proceeding by the doctrine of res judicata.

**{¶26}**  Curtis' Second Assignment of Error is overruled.

III.

**{¶27}**  In his Third Assignment of Error, Curtis maintains that there was prosecutorial misconduct involved regarding whether or not there was a plea offer of seven years.

**{¶28}**  This issue of a plea offer was addressed in our disposition of Curtis' First Assignment of Error.  Curtis has failed to set forth sufficient operative facts to establish that the trial court would have sentenced Curtis to an aggregate sentence of seven years, or that the trial court was not advised of the joint sentence recommendation.

**{¶29}**  Curtis' Third Assignment of Error is overruled.

IV.

**{¶30}**  In his Fourth Assignment of Error, Curtis argues that the trial court abused its discretion in overruling his successive petition for post-conviction relief.

**{¶31}**  A petition for post-conviction relief "shall be filed no later than three hundred sixty-five days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction" challenged by the petition.  R.C.

2953.21(A)(2). Because "a court *may not entertain* a petition filed after the expiration of" that time period, "or a second petition or successive petitions for similar relief" by the petitioner, the restriction is jurisdictional. (Emphasis sic.) R.C. 2953.23(A)(1). *State v. Apanovitch,* 155 Ohio St.3d 358, 2018-Ohio-4744, 121 N.E.3d 351, ¶ 36.

{¶32} The "limited gateway" of R.C. 2953.23(A)(1) provides "specific, limited circumstances" under which a court may hear a successive petition. *Apanovitch* at ¶ 22. Curtis' petition required a showing of both of the following:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

R.C. 2953.23(A)(1); *State v. Conway,* 10th Dist. Franklin No. 17AP-504, 2019-Ohio-2260, ¶14.

{¶33} Curtis has not demonstrated he was entitled to have the trial court review his successive petition for post-conviction relief because he did not satisfy both prongs of R.C. 2953.23(A)(1), as required for the trial court to have jurisdiction over his claims.

{¶34} Curtis's Fourth Assignment of Error is overruled.

{¶35} For the forgoing reasons, the judgment of the Muskingum County Court of Common Pleas is affirmed.

By Gwin, P.J.,

Hoffman, J., and

Wise, John, J., concur