[Cite as *State v. Lanham*, 2022-Ohio-2014.]

COURT OF APPEALS
COSHOCTON COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Patricia A. Delaney, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2022 CA 0003 |
| DARREL LYNN LANHAM, JR. | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                Pleas, Case No.  2020 CR 0032


JUDGMENT:                       Affirmed


DATE OF JUDGMENT ENTRY:         June 13, 2022


APPEARANCES:

For Plaintiff-Appellee                For Defendant-Appellant

JASON W. GIVEN                        DARREL LYNN LANHAM, JR.
PROSECUTING ATTORNEY                  NOBLE CORR. INSTITUTION
CHRISTIE M. L. THORNSLEY              15708 McConnelsville Road
ASSISTANT PROSECUTOR                  Caldwell, Ohio  43724
318 Chestnut Street
Coshocton, Ohio  43812

*Wise, P. J.*

{¶1} Defendant-Appellant Darrel L. Lanham, Jr. ("Appellant") appeals the January 19, 2022 judgment entry of the Coshocton County Court of Common Pleas denying his petition for post-conviction relief and summary judgment. Appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.

## STATEMENT OF THE FACTS AND CASE

{¶2} On May 18, 2020, Appellant was indicted on one count of Felonious Assault, in violation of R.C. §2903.11(A)(1) and one count of Tampering with Evidence, in violation of R.C. §2921.12(A)(1).

{¶3} On October 30, 2020, Appellant entered a plea of guilty to Felonious Assault in exchange for a nolle prosequi on Tampering with Evidence.

{¶4} The trial court sentenced Appellant to incarceration for two to three years. Appellant received 254 days of jail time credit.

{¶5} On September 10, 2021, Appellant filed a petition for post-conviction relief, raising a claim of prosecutorial misconduct pursuant to malicious prosecution and abuse of process.

{¶6} On November 1, 2021, Appellee filed a response.

{¶7} On November, 17, 2021, Appellant filed for summary judgment.

{¶8} On January 19, 2022, the trial court dismissed Appellant's petition for post-conviction relief.

## ASSIGNMENT OF ERROR

{¶9} Appellant timely filed a notice of appeal. He herein raises the following Assignment of Error:

**{¶10}** "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING POST-CONVICTION RELIEF."

**I.**

**{¶11}** In Appellant's First Assignment of Error, Appellant argues the trial court erred by denying Appellant's Petition for Post-Conviction Relief. We disagree.

**{¶12}** R.C. §2953.21(A) states, in pertinent part:

(A)(1)(a) Any person who has been convicted of a criminal offense or adjudicated a delinquent child and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States… may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief. The petitioner may file a supporting affidavit and other documentary evidence in support of the claim for relief.

**{¶13}** The post-conviction relief process is a civil collateral attack on a criminal judgment based on claimed constitutional violations, not an appeal of that judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281, 714 N.E.2d 905 (1999); *State v. Steffen*, 70 Ohio St.3d 399, 410, 639 N.E.2d 67 (1994). Therefore, a petition for post-conviction relief does not provide a petitioner a second opportunity to litigate his or her conviction, nor is the petitioner automatically entitled to an evidentiary hearing on the petition. *State v. Jackson*, 64 Ohio St.2d 107, 110, 413 N.E.2d 819 (1980); *State v. Lewis*, 5th Dist. Stark No. 2007CA00358, 2008-Ohio-3113 at ¶8.

**{¶14}** The Ohio Supreme Court held that "a trial court's decision granting or denying a post-conviction petition filed pursuant to R.C. §2953.21 should be upheld absent an abuse of discretion; a reviewing court should not overrule the trial court's finding on a petition for post-conviction relief that is supported by competent and credible evidence." *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77 (2006), ¶58.

**{¶15}** An abuse of discretion exists when the reasons given by the trial court for its action are clearly untenable, legally incorrect, or amount to a denial of justice, or where the judgment reaches an end or purpose not justified by reason and the evidence. *State v. Curtis*, 5th Dist. Muskingum No. CT2019-0001, 2019-Ohio-2587, ¶14, citing *Tennant v. Gallick*, 9th Dist. Summit No. 26827, 2014-Ohio-477, ¶35; *In re Guardianship of S.H.*, 9th Dist. Medina No. 13CA0066-M, 2013-Ohio-4380, ¶9; *State v. Firouzmandi*, 5th Dist. Licking No. 2006-CA-41, 2006-Ohio-5823, ¶54.

**{¶16}** In the case *sub judice*, Appellant petitioned the court for post-conviction relief claiming the pursuit of criminal charges was an abuse of process. To sustain an abuse of process claim, a plaintiff must show: "(1) that a legal proceeding has been set in motion in proper form and with probable cause; (2) that the proceeding has been perverted to attempt to accomplish an ulterior purpose for which it was not designed; and (3) that direct damage has resulted from the wrongful use of process." *Yaklevich v. Kemp, Schaeffer & Rowe Co., L.P.A.*, 68 Ohio St.3d 294, 298, 626 N.E.2d 115, 118 (1994).

**{¶17}** Appellant was charged with Felonious Assault on March 30, 2020, based upon conduct which occurred on February 20, 2020. The conduct was recorded on a

security camera, and Appellant entered a plea of guilty on October 20, 2020. This satisfies the first element of the abuse of process claim.

**{¶18}** The second element, perverting the process to attempt to accomplish an ulterior purpose for which it was not designed, has not been met. Appellant committed a felonious assault, was prosecuted for a felonious assault, pled guilty to a felonious assault, and was sentenced for a felonious assault. The proceeding accomplished exactly the purpose for which it was designed. Appellant's claim fails on the second element.

**{¶19}** Appellant also fails on the third element, that Appellant must show that direct damage resulted from the wrongful use of the process. As established above, Appellee did not wrongfully use the process, and therefore no direct damage occurred from the wrongful use of the process.

**{¶20}** Therefore, the trial court's denial of Appellant's petition for post-conviction relief was not clearly untenable, legally incorrect, did not amount to a denial of justice, or reach an end or purpose not justified by reason or evidence. As such, the trial court did not abuse its discretion in denying Appellant's petition for post-conviction relief.

**{¶21}**  Accordingly, Appellant's sole Assignment of Error is overruled.

**{¶22}**  For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is hereby affirmed.


By: Wise, P. J.

Delaney, J., and

Baldwin, J., concur.


JWW/br 0610